Case 4:14-cv-00135-A Document 6 Filed 05/28/14 Page 1 of 13 PageID 25

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 28 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:14-CV-135-A |
| | § | (NO. 4:09-CR-115-A) |
| | § | |
| JOHN REGINALD HOLT | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, John Reginald Holt, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Movant also filed a memorandum of law ("Memorandum") in support of the motion. Having now considered the motion, the Memorandum, the entire record of this action, including the record in movant's criminal case, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On September 9, 2009, movant was charged, along with multiple codefendants, with conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and 21 U.S.C. § 846. On October 14, 2009, the government filed a six-count

superseding indictment. Although additional counts were added, movant was again charged in the same count as in the initial indictment. Several of movant's codefendants pleaded guilty, while movant and two others proceeded to trial. On January 14, 2010, following a three-day trial, the jury found movant guilty of the charge against him. On May 7, 2010, the court sentenced movant to a term of imprisonment of 360 months, to be followed by a five-year term of supervised release. The court also ordered that movant, jointly and severally with certain codefendants, forfeit a sum of money equal to $5,000,000, representing the amount of proceeds obtained as a result of the conspiracy offense.

Movant appealed his sentence, and the United States Court of Appeals for the Fifth Circuit affirmed. <u>United States v. Holt</u>, 493 F. App'x 515 (5th Cir. 2012). The Supreme Court denied certiorari.

II.

Grounds of the Motion

In four separate grounds, movant alleged that his attorney, Andrew Ottaway ("Ottaway"), rendered ineffective assistance of counsel. First, movant alleged that Ottaway violated his right to the presumption of innocence because in Ottaway's closing

2

argument he told the jury that movant was not innocent. Second was the contention that Ottaway gave movant "gross misadvice," Mot. at 7, by telling movant to accept the presentence report or the prosecutor was going to charge movant with another count. Third, movant contends Ottaway allowed prosecutorial misconduct because he failed to tell the court about the prosecutor's "bully tactic." Id. Finally, movant maintains that Ottaway failed to argue on appeal any grounds that arose during the trial.

In the Memorandum, movant expands, in a general way, on the factual basis for his claims. Movant complains that in closing argument, Ottaway told jurors that movant was "certainly not innocent." Mem. at 1. Movant alleges that Ottaway failed to conduct a reasonable investigation into any potential defense, failed to discredit any of the witnesses, and allowed prosecutorial misconduct during sentencing when the prosecutor threatened movant with another count if movant did not accept the presentence report as written. Movant also maintains that the presentence report indicated he sold approximately $6,000,000 worth of drugs, yet at the time of his arrest he lived in a 1978 camper and had $22.00 in his pocket.

3

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

## None of the Grounds Has Merit

A. Legal Standards Applicable to Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, movant must establish that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). To prevail on such a claim, movant must show that counsel's performance was deficient and that movant was prejudiced by counsel's errors. Id. at 687. In the context of a jury trial, prejudice requires movant to show there is a reasonable probability that, but for his attorney's errors, the outcome of the proceeding would have been different, and counsel's performance rendered the trial fundamentally unfair or unreliable. Creel v. Johnson, 162 F.3d 385, 395 (5th Cir. 1998) (citing Lockhart v. Fretwell, 506 U.S. 364, 372 (1993)). While both prongs of the Strickland test must be met to demonstrate ineffective assistance, both need not be considered if movant makes an insufficient showing as to one. Strickland, 466 U.S. at 687, 697.

Judicial scrutiny of this type of claim must be highly deferential; movant must overcome a strong presumption that

counsel's conduct falls within a wide range of reasonable professional assistance. Id. at 689. The court must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. Counsel should be "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690.

Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

B. Closing Argument

In considering claims of ineffective assistance pertaining to closing arguments, the court considers counsel's closing statements in their entirety. Carter v. Johnson, 131 F.3d 452, 466 (5th Cir. 1997). Additionally, "counsel may make strategic decisions to acknowledge the defendant's culpability . . . , in order to establish credibility with the jury." Id.

The sole basis of this claim is Ottaway's statement during closing argument that movant was "certainly not innocent." Trial Tr. Vol. 3 at 67. A review of the entirety of Ottaway's closing

6

argument demonstrates no deficient performance or prejudice as a result of this single statement. The government charged movant with conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine. The evidence of movant's guilt, presented over three days of trial, was overwhelming: multiple witnesses testified that they saw movant in the house where the drug conspiracy's leader lived and conducted drug transactions, and also testified that they purchased drugs from movant. Government witnesses also testified as to conversations between movant and confidential informants that were recorded during drug transactions.

Ottaway began his closing argument by observing "[t]here is a difference between not guilty and being innocent," and reminding jurors of the government's burden to prove movant's guilt of "this thing"--the conspiracy, or "the sharing of the profits." Trial Tr. Vol. 3 at 66. Ottaway contrasted movant's actions with those of the leader and other members of the conspiracy to show that movant's actions were in no way comparable to the others. It was in this context that Ottaway used the "not innocent" language: Ottaway argued that there was a difference between "not guilty and innocent," and that while movant might not be "innocent," there was "no evidence that he

7

[was] the status" of the leader or others who were part of the conspiracy. Id. at 67.

Instead, Ottaway acknowledged the evidence against movant, but attempted to characterize his involvement as a mere "employee," someone who did what he was ordered to do and who was fired when he was no longer useful, rather than as an equal, active member of the conspiracy. Taken as a whole, it is evident that Ottaway could not ignore the overwhelming evidence that movant was involved in the drug activities, so he made the strategic decision to acknowledge movant's culpability to gain some credibility with the jury.

The Fifth Circuit has repeatedly affirmed the use of such a defense strategy. For example, in United States v. Short, 181 F.3d 620 (5th Cir. 1999), the defendant was charged with a number of drug-related offenses, including conspiracy to distribute heroin and cocaine. 181 F.3d at 623 n.1. During closing argument, the defendant's attorney acknowledged the evidence against his client, admitting that the defendant "was involved" and the evidence against him "can't be denied." Id. at 624. The Fifth Circuit held that in light of the evidence against the defendant, counsel took the "reasonable strategic approach" of trying to establish credibility with the jury by acknowledging

his client's involvement. Id. at 624-25.

Similarly, in Kitchens v. Johnson, 190 F.3d 698, 704 (5th Cir. 1999), the defendant pleaded guilty to murder but was tried for capital murder. One of the defendant's attorneys, in closing argument, called defendant's action "very brutal, a very savage murder," while arguing the government had failed to prove capital murder. Id. The Fifth Circuit found counsel's performance was not deficient, concluding that the use of such language was a strategic decision by counsel to bolster the defendant's credibility with the jury. Id. See also Carter, 131 F.3d at 466 (no ineffective assistance of counsel where, during closing argument, defense counsel, inter alia, implied that his client might have committed other criminal acts, questioned whether his client should live in society, and acknowledged that the jury could sentence his client to death with a clear conscience, but also argued for mercy).

The single phrase movant complains of is far less egregious than those discussed above where the Fifth Circuit has found no deficient performance by defense counsel in their closing arguments. In light of the overwhelming evidence of movant's guilt presented during trial, and considering Ottaway's closing argument as a whole, movant cannot show that he was prejudiced by

9

the single comment made during closing argument.

C. <u>Failure to Investigate and Failure to Discredit Witnesses</u>

In his Memorandum, movant also contends that Ottaway failed to investigate any potential defense and failed to discredit witnesses. To prevail on a claim that counsel was ineffective for failing to investigate requires movant to "allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." <u>United States v. Green</u>, 882 F.2d 999, 1003 (5th Cir. 1989). Here, movant offers not even a single suggestion about what Ottaway could have investigated, what an investigation would have revealed, or how it would have affected the outcome of the trial. All movant has provided is his conclusory assertion about the failure to investigate. However, "conclusory allegations do not raise a constitutional issue in a habeas proceeding." <u>Ross v. Estelle</u>, 694 F.2d 1008, 1012 (5th Cir. 1983) (per curiam).

Similarly, movant contends that Ottaway failed to discredit any witnesses. Nothing in the motion suggests what Ottaway could have done to accomplish this, especially in light of the number of witnesses and other evidence adduced at trial. This conclusory assertion, as noted, cannot sustain a claim of ineffective assistance of counsel. <u>Id.</u>

D.   <u>Prosecutorial Misconduct</u>

This claim fares no better than movant's previous claims. The contention that the prosecutor threatened movant at sentencing with an additional count if he failed to accept the presentence report is belied by the record and borders on nonsensical. Nothing in the record of movant's sentencing hearing reflects any such action on the part of the prosecutor. Nor does movant explain how he was prejudiced by being urged to accept the presentence report: he fails to describe any objection he contends Ottaway should have made to the presentence report, nor does he attempt to show how such an objection would have resulted in a more favorable outcome.

Movant's claim that Ottaway failed to inform the court of the prosecutor's "bully tactic" is also contradicted by the record of movant's sentencing hearing, which contains no evidence of such a threat by the prosecutor. Nor does movant indicate how he was prejudiced by Ottaway's alleged failure to act: the court sentenced movant at the bottom of his advisory guideline range, and nothing is alleged in the motion to show the outcome would have been more favorable had Ottaway raised any issue with the court.

E.   <u>Appeal</u>

To prove that he was prejudiced by any of Ottaway's purported errors on appeal, movant must show that "there is a reasonable probability that, but for counsel's unprofessional error[ ], the result of the proceeding would have been different." <u>United States v. Williamson</u>, 183 F.3d 458, 463 (5th Cir. 1999) (brackets in original) (internal citations omitted). As with his other claims, movant has failed to make the required showing. Movant contends only that Ottaway failed to "raise any grounds that came up during trial." Mot. at 8. Movant does not identify the grounds he contends Ottaway should have raised, nor does he attempt to make any showing of how the result of the appeal would have been different but for Ottaway's acts or omissions. The single conclusory assertion in the motion is insufficient to show that Ottaway rendered ineffective assistance. <u>Ross</u>, 694 F.2d at 1012.

V.

<u>Order</u>

Therefore,

The court ORDERS that the motion of John Reginald Holt to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED May 28, 2014.

_____
JOHN McBRYDE
United States District Judge